IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| Jason Shawn Wolfe and ) | |
| Meranda Long Wolfe, ) | Case No. 10-80691 |
| Debtor(s). ) | |
| ) | |

## OBJECTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

COMES NOW, Caterpillar Financial Services Corporation ("Caterpillar"), a secured creditor in the captioned Chapter 13 bankruptcy case, and files this Objection to the Chapter 13 Plan, showing unto the Court as follows:

1. On February 28, 2005 Debtor Jason Wolfe d/b/a Creative Designs executed an Installment Sale Contract (Security Agreement), as purchaser, with Gregory Poole Equipment Company, as seller (the "Contract"), for a used Caterpillar 246 Skid Steer Loader, Serial number 5SZ05443 (the "Equipment") in the amount of $19,500.00. Seller assigned the Contract to Caterpillar on the same day and Caterpillar filed a UCC-1 financing statement on March 7, 2005 perfecting a security interest in the Equipment. The UCC-1 was continued on October 21, 2009. True and accurate copies of the Contract, the Assignment, the UCC financing statement and continuation statement are attached hereto and incorporated herein as Exhibit "A".

2. In paragraph 4 of the Chapter 13 Plan, Debtor values the Equipment at $7,811.00. Caterpillar shows that the Equipment has a fair market value of $17,500.00. In addition, there is a pre-petition arrearage of $11,286.87 that the Plan fails to address. For the reasons cited herein the Plan is not feasible pursuant to §1325(a)(6) and fails to adequately protect Caterpillar's security interest pursuant to §1325(a)(5).

WHEREFORE, Caterpillar Financial Services Corporation respectfully requests that the Court consider its Objection to Confirmation of the Chapter 13 Plan and revalue the Equipment and require Debtor to properly include the prepetition arrearage claim of Caterpillar in such plan, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this 2nd day of July, 2010

WILLIAMS MULLEN

BY: /s/Robert K. Imperial
Robert K. Imperial
Attorneys for Caterpillar Financial
Services Corporation
PO Box 1000
Raleigh, NC 27602
Telephone: (919) 981-4000

## CERTIFICATE OF SERVICE

I, Robert K. Imperial, do hereby certify that the foregoing ***Objection of Caterpillar Financial Services Corporation to Confirmation of Debtor's Chapter 13 Plan*** was served upon all parties of record as indicated below either by electronic service via the CM/ECF system, electronic mail or by mailing a copy thereof at the addresses indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, on the 2nd day of July, 2010.

WILLIAMS MULLEN

BY:    */s/Robert K. Imperial*
           Robert K. Imperial
           Attorneys for Caterpillar Financial
           Services Corporation
           PO Box 1000
           Raleigh, NC 27602
           Telephone: (919) 981-4000

***SERVED VIA CM/ECF:***

**John T. Orcutt**
postlegal@johnorcutt.com


***SERVED VIA US POSTAL SERVICE:***

*Trustee*
**Richard M. Hutson, II**
Chapter 13 Office
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702

**Jason Shawn Wolfe**
1124 Charlie Long Road
Hurdle Mills, NC 27541

**Meranda Long Wolfe**
1124 Charlie Long Road
Hurdle Mills, NC 27541

8366194_1.DOC

# INSTALLMENT SALE CONTRACT (SECURITY AGREEMENT)

**PURCHASER(S):**
JASON WOLFE DBA CREATIVE DESIGNS
68 Wise Lane
Hurdle Mills, NC 27541

**SELLER (DEALER):**
GREGORY POOLE EQUIPMENT COMPANY
4807 BERYL ROAD
P.O. BOX 469
RALEIGH, NC 27602-0469

K-338205

County: Person

Subject to the terms and conditions set forth below and on the following page(s) hereof, Seller hereby sells the equipment described below (the "Unit" or "Units") to Purchaser, and Purchaser (if more than one, jointly and severally), having been offered both a cash sale price and a time sale price, hereby buys the Units from Seller on a time sale basis.

| NEW OR USED | (IF USED) FIRST USED | MODEL | DESCRIPTION OF UNIT(S) | SERIAL# | DELIVERED CASH SALE PRICE |
|---|---|---|---|---|---|
| (1) Used | | 246 | Caterpillar Skid Steer Loader | 5SZ05443 | $19,500.00 |

**FIRST USED** — DESCRIPTION OF ADDITIONAL SECURITY (MAKE, MODEL & SERIAL NUMBER)

**FIRST USED** — DESCRIPTION OF TRADE-IN EQUIPMENT (MAKE, MODEL & SERIAL NUMBER)

Trade-in Value ............ 0.00
Less Owing to ............. 0.00
Net Trade-in Allowance .... 0.00

Location of Units: 68 Wise Lane
HURDLE MILLS, NC 27541, PERSON

Sub-Total .................................. $ 19,500.00
Sales Tax .................................. $ 1,365.00
1. Total Cash Sale Price ................... $ 20,865.00
   Cash Down Pay ........... 0.00
   Net Trade-in Allow ...... 0.00
2. Total Down Payment ...................... $ 0.00
3. Unpaid Balance of Cash Price (1 - 2) .... $ 20,865.00
4. Official Fees (Specify) .................. $ 325.00
   Document Fee ........... 325.00
   Other Fees ............. 0.00
5. Physical Damage Insurance ............... $
6. Principal Balance
   (Amount Financed) (3 + 4 + 5) ........... $ 21,190.00
7. Finance Charge
   (Time Price Differential) ............... $ 3,452.60
8. Time Balance
   (Total of Payments) (6 + 7) ............. $ 24,642.60
9. Time Sale Balance
   (Total of Payment Price) (2 + 8) ........ $ 24,642.60
10. Annual Percentage Rate .................. 6.33%
11. Date FINANCE CHARGE begins to accrue ... 2/28/05

Purchaser hereby sells and conveys to Seller the above described Trade-in Equipment and warrants it to be free and clear of all claims, liens, security interests and encumbrances except to the extent shown above.

1. PAYMENT: Purchaser shall pay to Seller, at Caterpillar Financial Services Corporation:PO Box 13834;Newark, NJ 07188-0834 or such other location Seller designates in writing, the Time Balance (Item 8 above) as follows [check (a) or (b)]:

X (a) in 60 equal monthly installments of $410.71 each, with the first installment due on 2/28/05, and the balance of the installments due on the like day of each month thereafter, (except no payments shall be due during the month(s) of n/a), until the entire indebtedness has been paid; or

__ (b) in accordance with the Payment Schedule attached to this Contract.

(Provisions of section 1 continued on next page.)

**SEE FOLLOWING PAGE(S) FOR ADDITIONAL TERMS AND CONDITIONS WHICH ARE A PART OF THIS CONTRACT.**

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.

NOTICE TO PURCHASER: (1) DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES; (2) YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN; (3) UNDER THE LAW YOU MAY HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE; (4) IF THIS CONTRACT IS NOT EXECUTED BY PURCHASER ON OR BEFORE April 9, 2005 THE CONTRACT MAY BE CONSIDERED NULL AND VOID BY SELLER.

1 of 3

EXHIBIT A

## ADDITIONAL TERMS AND CONDITIONS

1. **PAYMENT** (continued): Purchaser shall pay to Seller a late payment charge equal to the lesser of (a) the highest charge allowed by law or (b) 5% of the amount of any payment (including any accelerated payment) not made when due under this Contract (or such later date as may be required by applicable law). Upon prepayment in full or acceleration of the total unpaid Time Balance, Purchaser shall receive a rebate of the unearned portion of the Finance Charge computed on an actuarial basis less a processing fee. Except as otherwise expressly provided herein, the obligations of Purchaser hereunder shall not be affected by any defect in, damage to, loss of or interference with possession or use of any Unit, by the attachment of any lien or claim to any Unit, or for any other cause.

2. **DISCLAIMER OF WARRANTIES**: Purchaser acknowledges and agrees that Seller is not the manufacturer of the Unit(s) and that Purchaser has selected each Unit based on Purchaser's own judgment without any reliance whatsoever on any statements or representations made by Seller. AS BETWEEN SELLER AND PURCHASER, THE UNIT(S) ARE PROVIDED "AS IS" WITHOUT ANY WARRANTIES OF ANY KIND. PURCHASER HEREBY EXPRESSLY DISCLAIMS a) ALL WARRANTIES OF MERCHANTABILITY, b) ALL WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE, AND c) ALL WARRANTIES AGAINST INFRINGEMENT OR THE LIKE. Seller assigns to Purchaser its interest in any of the manufacturer's warranties on the Unit(s).

3. **POSSESSION, USE AND MAINTENANCE**: Purchaser shall not (a) use any Unit improperly, carelessly, unsafely or in violation of any law or regulation or for personal, family, or household purposes or for any purpose other than in Purchaser's business (including agricultural business); (b) permit the use of any Unit by anyone other than Purchaser or change the permanent location of any Unit from the county and state specified above without the prior written consent of Seller; or (c) sell, lease, assign or transfer, or create or suffer to exist any lien, claim, security interest or encumbrance on any of its rights hereunder or in any Unit. The Units are and shall remain personal property irrespective of their use or manner of attachment to realty. Upon prior notice to Purchaser, Seller or its agent shall have the right (but not the obligation) at all reasonable times to inspect any Unit. Purchaser shall at its expense maintain the Units in good operating order, repair and condition. Purchaser shall not alter any Unit or affix any equipment to any Unit if such alteration or addition would impair the originally intended function or reduce the value of such Unit. Any alteration or addition to any Unit shall be at the sole risk of Purchaser.

4. **TAXES**: Purchaser shall promptly pay all taxes, assessments, fees and other charges when levied or assessed against any Unit or the ownership or use thereof, or this Contract or any payments made or to be made to Seller.

5. **WAIVER AND INDEMNITY**: PURCHASER HEREBY AGREES TO RELEASE, DEFEND, INDEMNIFY AND HOLD HARMLESS SELLER, ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS AND ASSIGNS FROM AND AGAINST ANY CLAIMS OF PURCHASER OR THIRD PARTIES, INCLUDING CLAIMS BASED UPON BREACH OF CONTRACT, BREACH OF WARRANTY, PERSONAL INJURY, PROPERTY DAMAGE, STRICT LIABILITY OR NEGLIGENCE, FOR ANY LOSS, DAMAGE OR INJURY CAUSED BY OR RELATING TO THE DESIGN, MANUFACTURE, SELECTION, DELIVERY, CONDITION, OPERATION, USE, OWNERSHIP, MAINTENANCE OR REPAIR OF ANY UNIT. FURTHER, PURCHASER AGREES TO BE RESPONSIBLE FOR ALL COSTS AND EXPENSES, INCLUDING REASONABLE ATTORNEYS' FEES, INCURRED BY SELLER OR ITS DIRECTORS, OFFICERS, EMPLOYEES, AGENTS AND ASSIGNS IN DEFENDING SUCH CLAIMS OR IN ENFORCING THIS PROVISION. UNDER NO CONDITION OR CAUSE OF ACTION SHALL SELLER BE LIABLE FOR ANY LOSS OF ACTUAL OR ANTICIPATED BUSINESS OR PROFITS OR ANY SPECIAL, INDIRECT OR CONSEQUENTIAL DAMAGES.

6. **INSURANCE**: Purchaser, at its expense, shall keep each Unit and all equipment listed as Additional Security insured against all risks for their full insurable value and shall maintain comprehensive public liability insurance in an amount reasonably acceptable to Seller. All such insurance shall be in such form and with such companies as Seller shall reasonably approve, shall be primary, without right of contribution from any insurance carried by Seller, and shall provide that such insurance may not be cancelled or altered so as to affect the interest of Seller without at least 30 days' prior written notice to Seller. All insurance covering loss or damage to the Units and Additional Security shall name Seller (or its designee) as loss payee and be payable to Seller as its interest may appear. Purchaser agrees to notify Seller of any occurrence which may become the basis of an insurance claim hereunder and not to make any adjustments with insurers without Seller's prior written consent. Prior to the first delivery of any Unit to Purchaser, Purchaser shall deliver to Seller satisfactory evidence of such insurance coverage.

7. **EVENTS OF DEFAULT**: Each of the following shall constitute an "Event of Default" hereunder: (a) Purchaser shall fail to make any payment to Seller when due hereunder or fail to observe or perform any other covenant, agreement or warranty made by Purchaser hereunder; (b) any representation or warranty of Purchaser contained herein or in any document furnished to Seller in connection herewith shall be incorrect or misleading when made; (c) any Unit or additional security shall become lost, stolen, destroyed, irreparably damaged or subject to any sale, lien, claim, security interest or encumbrance (other than in favor of Seller or its assignee); (d) any default shall occur under any other agreement between Purchaser and Seller; (e) Purchaser or any guarantor of this Contract shall cease to do business, become insolvent, make an assignment for the benefit of creditors or file any petition under any bankruptcy, reorganization, insolvency or moratorium law, or any other law for the relief of debtors; (f) any involuntary petition shall be filed under any bankruptcy statute against Purchaser or any guarantor of this Contract or any receiver, trustee, or similar official shall be appointed to take possession of the properties of Purchaser or any guarantor of this Contract unless such petition or appointment ceases to be in effect within 30 days of said filing or appointment; (g) Seller shall reasonably deem itself to be insecure; or (h) any breach or repudiation by any guarantor shall occur under any guaranty obtained by Seller in connection with this Contract.

8. **REMEDIES**: If any Event of Default shall occur, Seller may, at its option, do any one or more of the following: (a) Declare all amounts due or to become due under this Contract, excluding any unearned portion of the Finance Charge, immediately due and payable; (b) recover any additional damages and expenses sustained by Seller by reason of the breach of any covenant, representation or warranty contained in this Contract; (c) enforce the security interest granted hereunder; (d) without notice, liability or legal process, enter upon the premises where any of the Units or additional security may be and take possession thereof, and (e) require Purchaser to assemble the Units and additional security and make them available to Seller at a place designated by Seller which is reasonably convenient to both parties. Time is of the essence of this Contract. Seller shall have all rights given to a secured party by law and may retain all monies theretofore paid by Purchaser hereunder as compensation for the reasonable use of the Units by Purchaser. Seller may, at its option, undertake commercially reasonable efforts to sell the Units and additional security, and the proceeds of any such sale shall be applied: First, to reimburse Seller for all reasonable expenses of retaking, holding, preparing for sale, and selling the Units and additional security, including all taxes and reasonable attorneys' fees; and second, to the extent not previously paid by Purchaser, to pay Seller all amounts then due or accrued under this Contract, including any accelerated payments and late payment charges. Any surplus shall be paid to the person entitled thereto. Purchaser shall promptly pay any deficiency to Seller. Purchaser acknowledges that sales for cash or on credit to a wholesaler, retailer or user of the Units or additional security, and with or without the Units or additional security being present at such sale, are all commercially reasonable. Purchaser agrees to pay all reasonable attorneys' fees (to the extent permitted by applicable law) and all costs and expenses incurred by Seller in enforcing this Contract. The remedies provided herein shall be cumulative and in addition to all other remedies at law or in equity. If Purchaser fails to perform any of its obligations under this Contract, Seller may (but need not) at any time thereafter perform such obligation, and the expenses incurred in connection therewith shall be payable by Purchaser upon demand.

9. **SECURITY INTEREST; PURCHASER ASSURANCES AND REPRESENTATIONS**: To secure payment of Purchaser's indebtedness to Seller hereunder and the performance of all obligations of Purchaser hereunder, Purchaser hereby grants to Seller a continuing security interest in the Units, and in the equipment, if any, described as Additional Security on the front of this Contract, including all attachments, accessories and optional features for such Units and Additional Security (whether or not installed thereon) and all substitutions, replacements, additions and accessions thereto, and proceeds of all the foregoing including, but not limited to, proceeds in the form of chattel paper. Purchaser will, at its expense, do any act and execute, acknowledge, deliver, file, register and record any Documents which Seller deems desirable in its discretion to protect Seller's security interest and Seller's rights and benefits under this Contract. Purchaser hereby irrevocably appoints Seller as Purchaser's Attorney-in-Fact for the signing and filing of such documents and authorizes Seller to delegate these limited powers. Purchaser acknowledges the signature of Seller or said delegatee upon such documents to be the same as Purchaser's own for all purposes and with the present intent to authenticate the document. Purchaser represents and warrants to Seller that (a) Purchaser has the power to make, deliver and perform under this Contract; (b) the person executing and delivering this Contract is authorized to do so on behalf of Purchaser; (c) this Contract constitutes a valid obligation of Purchaser, legally binding upon it and enforceable in accordance with its terms; and (d) all credit, financial and other information submitted to Seller in connection

Case 10-80691    Doc 22    Filed 07/02/10    Page 4 of 8

with this Contract is and shall be true, correct and complete. Purchaser further represents and warrants to Seller that Purchaser is and shall remain a Sole Proprietorship residing at \_\_\_\_\_ ("Business Location"); and Purchaser will not change its form of business organization or Business Location without prior written notice to Seller.

10. ASSIGNMENT; COUNTERPARTS: The rights and remedies of Seller under this Contract may be assigned by Seller at any time. If this Contract is assigned by Seller, the term "Seller" shall thenceforth mean Seller's assignee, and if assigned to a partnership, shall thenceforth mean such partnership and, for purposes of Sections 2, 4, 5 and 6, each partner in such partnership. If notified by Seller, Purchaser shall make all payments due hereunder directly to the party designated in such notice, without any offset or deduction whatsoever. Purchaser waives, as to Seller's assignee, all claims and defenses Purchaser may have or assert against Seller and agrees that no such claim or defense will be asserted against Seller's assignee. No assignment of this Contract by Seller shall release any claim Purchaser may have against Seller hereunder. No assignment of this Contract or any right or obligation hereunder may be made by Purchaser without the prior written consent of Seller. This Contract shall be binding upon and inure to the benefit of Seller and Purchaser and their respective successors and assigns. Although multiple counterparts of this document may be signed, only the counterpart accepted, acknowledged and certified by Caterpillar Financial Services Corporation on the signature page thereof as the original will constitute original chattel paper.

11. EFFECT OF WAIVER; ENTIRE AGREEMENT; MODIFICATION OF CONTRACT; NOTICES: No delay or omission to exercise any right or remedy accruing to Seller hereunder shall impair any such right or remedy nor shall it be construed to be a waiver of any breach or default of Purchaser. Any waiver or consent by Seller under this Contract must be in writing specifically set forth. This Contract completely states the rights of Seller and Purchaser with respect to the Units and supersedes all prior agreements with respect thereto. No variation or modification of this Contract shall be valid unless in writing. All notices hereunder shall be in writing, addressed to each party at the address set forth on the front of this Contract or at such other address as may hereafter be furnished in writing.

12. APPLICABLE LAW, JURISDICTION AND JURY TRIAL WAIVER PROVISIONS: This Agreement shall be governed by and construed under the laws of the State of Tennessee, without giving effect to the conflict-of-laws principles thereof, and Purchaser hereby consents to the jurisdiction of any state or federal court located within the State of Tennessee. THE PARTIES HERETO HEREBY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE OBLIGATIONS OR THE COLLATERAL.

13. SEVERABILITY; SURVIVAL OF COVENANTS: If any provision of this Contract shall be invalid under any applicable law, such provision shall be deemed omitted but the remaining provisions hereof shall be given effect. All obligations of Purchaser under this Contract shall survive the expiration or termination of this Contract to the extent required for their full observance and performance.

PURCHASER ACKNOWLEDGES RECEIPT OF A FULLY COMPLETED COPY OF THIS CONTRACT EXECUTED BY BOTH PURCHASER AND SELLER.

Purchaser(s) and Seller have duly executed this Contract as of 2/28, 20 05

Purchaser(s):
JASON WOLFE DBA CREATIVE DESIGNS

By _Jason Wolfe_

Name (PRINT) _Jason Wolfe_

Title _____

Seller:
GREGORY POOLE EQUIPMENT COMPANY

By _[signature]_

Name (PRINT) _C Mark ansin_

Title _Asst. Secretary_

3 of 3

Case 10-80691    Doc 22    Filed 07/02/10    Page 5 of 8

## ASSIGNMENT OF INSTALLMENT SALE CONTRACT
## (WITHOUT RECOURSE)

For valuable consideration, the receipt of which is hereby acknowledged, GREGORY POOLE EQUIPMENT COMPANY RALEIGH, NC ("Assignor") hereby sells, assigns, transfers and sets over to Caterpillar Financial Services Corporation ("Assignee"), its successors and assigns, WITHOUT RECOURSE as to the financial ability of the Buyer (identified below) to pay, (a) all of Assignor's interest in and rights and remedies under the Installment Sales Contract between Assignor and JASON WOLFE DBA CREATIVE DESIGNS ("Buyer"), dated as of __2/28/05__, together with any and all notes, guaranties, certificates, instruments or other agreements related thereto (collectively, the "Contract"), including all of Assignor's rights to collect any and all installments due and to become due on the Contract and to take, in Assignor's or Assignee's name, any and all proceedings Assignor might otherwise take, and (b) Assignor's security interest in the "Units" (as such term is defined in the Contract).

Assignor represents and warrants to Assignee that (a) the Contract is genuine and all statements of fact contained therein are true and correct; (b) the Contract has been duly authorized, executed and delivered by the parties thereto, and the signatures thereon are the genuine signatures of the parties whose signatures they purport to be; (c) the Contract is the original and only contract executed in connection with the Units; (d) the Contract constitutes the entire agreement of the parties with respect to the Units; (e) the Contract is a valid and binding agreement of each party thereto, enforceable against such party in accordance with its terms; (f) Assignor has the right to assign the Contract to Assignee; (g) as of the date hereof, no party to the Contract is in default thereunder; (h) the Units have been delivered to Buyer under the Contract in satisfactory condition and have been unconditionally accepted by Buyer; (i) upon acceptance of this Assignment by Assignee, Assignee will have a valid, perfected, first priority security interest in the Units and in all equipment (if any) described as Additional Security in the Contract, and good title to the Contract, free of all liens, claims, security interests and encumbrances; and (j) as of the date hereof, the unpaid balance specified in the Contract is $24,642.60, without offset or deduction of any kind.

This Assignment shall be binding on Assignor, its successors and assigns and shall inure to the benefit of Assignee, its successors and assigns. This Assignment shall become effective only upon acceptance hereof by Assignee.

IN WITNESS WHEREFORE, Assignor has duly executed this Assignment on __2/28/05__.

Caterpillar Financial Services Corporation
(Assignee)

Signature: _____
Name (PRINT): __Bill Schowalter__
Title: __Documentation Manager__
Accepted on: __2/28/05__

GREGORY POOLE EQUIPMENT COMPANY
(Assignor)

Signature: _____
Name (PRINT): _____
Title: _____

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

```
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

            241794-2778168
```

**Facsimile of Filing Acknowledgment**

Jurisdiction: NC Secretary Of State
UCC Filing Section
Initial Filing Number: 20050021332X
Filed: 3/7/2005;11:10

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| WOLFE | JASON | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 68 WISE LANE | HURDLE MILLS | NC | 27541 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | INDIVIDUAL | NC | ☒ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

**2a. ORGANIZATION'S NAME:** CREATIVE DESIGNS

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 68 WISE LANE | HURDLE MILLS | NC | 27541 | USA |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | SP | NC | ☒ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

**3a. ORGANIZATION'S NAME:** CATERPILLAR FINANCIAL SERVICES CORPORATION

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2120 WEST END AVE | NASHVILLE | TN | 372030986 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ONE (1) CATERPILLAR 246 SKID STEER LOADER S/N: 5SZ05443 WITH A GENERAL PURPOSE BUCKET
And substitutions, replacements, additions and accessions thereto, now owned or hereafter acquired and proceeds thereof.

**5. ALTERNATIVE DESIGNATION** [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]
**7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA** 001-0338265-000*324147

NC-Secretary Of State

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

# UCC FINANCING STATEMENT
# FILER INFORMATION

File Number: 20090079977A
Date Filed: 10/21/2009 10:43:09 AM
Elaine F. Marshall
NC Secretary of State

CONTACT INFORMATION FOR FILER:

| CONTACT EMAIL | CONTACT NAME | CONTACT PHONE | CONTACT FAX |
|---|---|---|---|
| | Ucc Direct Services | | |

SEND ACKNOWLEDGEMENT TO:

| PACKET SEQ# | CLIENT'S ACCOUNT # | | |
|---|---|---|---|
| NC-0-39581065000-1 | | | |
| ORGANIZATION NAME | | | |
| Ucc Direct Services | | | |
| MAILING ADDRESS | CITY | STATE | POSTAL CODE |
| 2727 Allen Parkway, Suite 1000 P O Box 3248 | Houston | TX | 77001 |
| COUNTY | COUNTRY | | |
| | USA | | |

# FILE RECORD
RECORD DATA (UNIQUE SEQUENTIAL ID:0001)

| FILING TYPE | AMENDMENT TYPE | | INITIAL FILENUMBER |
|---|---|---|---|
| Amendment | Continuation | | 20050021332K |
| ADDITIONAL INFORMATION | | | |
| FILERS UNIQUE ID | | | |
| NC-0-39581065-001-0338265-000  WOLFE, JASON | | | |

AUTHORIZED SECURED PARTY:

| ORGANIZATION NAME |
|---|
| CATERPILLAR FINANCIAL SERVICES |