UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

Jason Wolfe & Meranda Wolfe

Social Security No.:
xxx-xx-2307 and xxx-xx-1229

Address:
1124 Charlie Long Rd., Hurdle Mills, NC 27541-

Case No. 10-80691- -

Chapter 13

Debtors

**MOTION TO ALLOW DEBTORS TO FILE LATE CLAIM,
FOR ATTORNEY'S FEES AND FOR VIOLATION OF 12 U.S.C. § 2605(E)**

NOW come the above captioned Debtors, by and through the undersigned attorney and respectfully move the Court to allow the Debtors to file late claim on behalf of Bank of America, N.A. ("BOA") as successor to Taylor, Bean and Whitaker, for attorney's fees for filing such Proof of Claim on behalf of BOA and for violation of 12 U.S.C. § 2605(e) by BOA. In support thereof, the Debtors respectfully show the court as follows:

1. The Debtors filed a voluntary Chapter 13 bankruptcy on April 21, 2010.

2. The Debtors attended their §341 Meeting of Creditors on May 21, 2010.

3. The last day for non-government creditors to file Proofs of Claim was August 19, 2010;

4. The Debtors listed Taylor, Bean and Whitaker as the holder and/or servicer of the mortgage note on their residence.

5. Upon information and belief, Taylor, Bean and Whitaker is no longer an existing entity, and Bankr of America, N.A. ("BOA") is now the holder and/or servicer of the mortgage note.

6. That BOA has not filed a Proof of Claim in this case.

7. That on or about November 17, 2010, the Debtors, by and through their attorney sent to BOA a Qualified Written Request ("QWR") pursuant to 12 U.S.C. § 2605(e), requesting sufficient information to file a Proof of Claim on behalf of BOA.

8. That an acknowledgment of such QWR was due twenty (20) business days after receipt, or by December 16, 2010.

9. That a response to such QWR was due sixty (60) business days after receipt, by February 11, 2011.

10. That no response was sent by BOA until February 28, 2011. Attached is a copy of said response by BOA, which is attached hereto and incorporated by reference as Exhibit A.

11. That, absent this response, the Debtors lacked sufficient documentation to file a valid Proof of Claim.

12. That as a result of the delay in both filing a Proof of Claim and responding to the QWR, BOA has caused the Debtors actual damages, including, without limitation, incursion of additional interest, late fees, etc.

WHEREFORE the Debtors respectfully pray the Court for relief as follows:

1. Allow the Debtors to file a late Proof of Claim on behalf of BOA;

2. Award the Debtors' attorney $500.00 to be paid by BOA, in *quantum meruit*, for the reasonable value of filing a Proof of Claim on its behalf;

3. Find that BOA violated 12 U.S.C. § 2605(e) and award actual damages, including additional attorneys fees, and statutory damages for this violation.

4. Disallow any interest, late fees or other costs either incurred and/or assessed by BOA against the Debtors du to the failure to timely file a Proof of Claim.

5. For any other such relief the Court deems just and proper.

Dated: March 14, 2011

> Law Office of John T Orcutt
>
> /s Edward C. Boltz
> Edward C. Boltz
> Attorney for Plaintiff
> NC State Bar No.: 23003
> 1738 Hillandale Road
> Durham NC 27705
> eboltz@johnorcutt.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

Jason Wolfe & Meranda Wolfe
Social Security No.:
xxx-xx-2307 and xxx-xx-1229
Address:
1124 Charlie Long Rd., Hurdle Mills, NC 27541-

Case No. 10-80691- -
Chapter 13

Debtors

### CERTIFICATE OF SERVICE

I, Edward C. Boltz, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on March 14, 2011, I served copies of the foregoing **MOTION TO ALLOW DEBTORS TO FILE LATE CLAIM, FOR ATTORNEY'S FEES AND FOR VIOLATION OF 12 U.S.C. § 2605(E)** electronically, or when unavailable, by regular first-class U.S. mail, addressed to the following parties:

Richard M. Hutson, II
Chapter 13 Trustee

Michael West
U.S. Bankruptcy Administrator

Jason &Meranda Wolfe
1124 Charlie Long Rd.
Hurdle Mills, NC 27541

Bank of America
Attn: Managing Agent
400 National Way
Mailstop CA6-919-02-22
Simi Valley CA 93065

BAC Home Loans
Attn: Managing Agent
Post Office Box 5170
Simi Valley CA 93062-5170

and by certified mail, return receipt requested:

Bank of America
Attn: Managing Agent
400 National Way
Mailstop CA6-919-02-22
Simi Valley CA 93065

BAC Home Loans
Attn: Managing Agent
Post Office Box 5170
Simi Valley CA 93062-5170

All creditors with duly filed claims as listed on the attached Report of Claims Filed at the addresses listed thereon.

/s Edward C. Boltz
Edward C. Boltz

Bank of America
Home Loans

400 National Way
Mailstop CA6-919-02-22
Simi Valley, CA 93065

February 28, 2011

*due 2/11/11*

Law Offices of John T. Orcutt, P.C.
6616-203 Six Forks Road
Raleigh, NC 27615
Attention: Edward Boltz, Esq.

**EXHIBIT A**

Re: Borrower: Jason Wolfe
    Property Address: 1124 Charlie Long Road, Hurdle Mills, NC 27541
    Loan Number ending in: 30587

Dear Mr. Boltz:

On November 17, 2010, you sent a letter to BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), invoking the disclosure requirements of NCGS §45-90, as well as citing as a "qualified written request" under RESPA 12 U.S.C 2605(e) in your request for information on the above referenced loan on behalf of your clients, Jason S. Wolfe and Meranda L. Wolfe. Although you indicated to treat your correspondence under the NCGS and RESPA, there was no statement included of specific concerns by your clients that their account was in error for BAC to investigate, as defined by NCGS 45-90 and 12 U.S.C. 2605(e).

This letter will serve for the 25 business day and 60 business day responses per the statutes.

Briefly, this FHA fixed rate mortgage loan originated by Taylor, Bean & Whitaker on October 16, 2007, with the first payment due on December 1, 2007. BAC Home Loans acquired the servicing of the loan on August 25, 2009, with the loan contractually due for the February 2009 installment. The present Chapter 13 bankruptcy case 10-80691 was filed on April 21, 2010, with the loan contractually due for the October 2009 installment. Presently, the loan remains in bankruptcy status, contractually paid through the September 2009 installment.

1A) Enclosed for your review, please find signed copies of the *Deed of Trust*, the *Note*, the *HUD1 Settlement Statement*, the *Truth in Lending Disclosure Statement*, the *Good Faith Estimate*, the *Uniform Residential Loan Application*, and the original *Appraisal*. Your client's signature on these documents confirms he received, read, understood, and agreed to the terms and conditions contained within each document. If he had concerns or was not in agreement to the terms and conditions, he was under no obligation to sign the loan documents or continue the loan process. The conclusion of the documentation review confirms that proper disclosure was provided regarding the loan transaction.

2A) Enclosed is a *Payment History* that provides a detailed outline of transactions for this loan. Please note that this history provides pertinent information on payments received, tax and

insurance payments disbursed, funds in the suspense/unapplied balance, and late charges assessed and paid. We do not use transaction codes, as the *Payment History* is designed to be user-friendly and there are no codes or terms used in our *Payment History* that require specific definitions. To date, there no fees that have been assessed to this account that are not reflected in the *Payment History*.

Additionally:
1. Please see enclosed *Payoff Demand Statement*.
2. To the extent the letter can be construed as a request for verification of debt, please be advised that the debt is evidenced by a Note dated October 16, 2007, in the principal amount of $193,053.00, executed by the borrower, in favor of Taylor, Bean & Whitaker, a copy of which is enclosed. The loan is secured by a Deed of Trust dated the same day, a copy of which is enclosed. The current owner of the note is GNMA, whose address is 451 7th Street, SW #B-133, Washington, DC 20410.
3i. See 2 above. Enclosed is the copy of the *Deed of Trust*, which allows for the charges of certain fees against the account. The rest of the request is declined as it seeks documentation that goes beyond that which is available through a request made under N.C.G.S. §45-90. Such request is overly broad, does not concern the application of payments or the disbursement of funds to your client, and makes no allegations whatsoever of any wrongdoing by BAC Home Loans.
3ii-1. See 2 Above.
3ii-2. The current monthly escrow payment of $1,562.45 is composed of the following: hazard insurance payment of $104.58, county tax payments of $128.66, and FHA MIP payments of $77.06. Annual escrow statements are issued to customers as scheduled. Copies of the issued statements are not retained; however, the information is available in electronic format for associates to discuss with BAC Home Loans' customer during customer service telephone inquiries or when customers view their loan information on the website. The rest of the request is declined as it seeks documentation that goes beyond that which is available through a request made under N.C.G.S. §45-90. Such request is overly broad, does not concern the application of payments or the disbursement of funds to your client, and makes no allegations whatsoever of any wrongdoing by BAC Home Loans.
3ii-3. To date, forced placed insurance has not been secured for this loan.
4. See 2 above. The rest of the request of the request is declined as it seeks documentation that goes beyond that which is available through a request made under N.C.G.S. §45-90. Such request is overly broad, does not concern the application of payments or the disbursement of funds to your client, and makes no allegations whatsoever of any wrongdoing by BAC Home Loans.
5. See 2A above.
6. This request is declined as it seeks documentation that goes beyond that which is available through a request made under N.C.G.S. §45-90. Such request is overly broad, does not concern the application of payments or the disbursement of funds to your client, and makes no allegations whatsoever of any wrongdoing by BAC Home Loans.
7. See 2A above.
8. See 2A above.

bi-ii. See 2A above.

4. We do not use transaction codes or have a dictionary of terms. Please see the enclosed Payment History for any and all transaction history. Please note the Payment History is designed to be user-friendly and there are no codes or terms used in our Payment History that require specific definitions.

I hope that I have addressed your concerns satisfactorily. If you have further concerns or questions regarding the bankruptcy, please contact Louisa Amador at (214) 209-8491, extension 6094. Please be advised that the individual listed may be contacted regarding general servicing matters. If you have any specific bankruptcy related concerns, please contact counsel for BAC Home Loans' behalf, Rogers Townsend & Thomas, PLLC, at (704) 442-9500. Thank you for this opportunity to be of service

Sincerely,

*Paula Ryan-Apuzzo*

Paula Ryan-Apuzzo
Litigation Specialist
Bankruptcy & Foreclosure Servicing (BFS)
Qualified Written Request (QWR) Group

Enclosures